## Patrucci v. Sivers

*Leonard J. Tripodi*, for plaintiffs.
*Marjorie A. Weiss*, for defendants.

CATANIA, J., January 24, 1974.—This matter is before the court as a result of plaintiffs' petition to have judgment of non pros stricken. Both plaintiffs and defendants filed briefs and oral argument has been presented.

Plaintiffs filed a praecipe for summons on June 25, 1973, which summons was executed on June 29, 1973. On July 24, 1973, plaintiffs' written interrogatories addressed to defendants were filed. Thereafter, on August 17, 1973, a praecipe for appearance for defendants was filed by Marjorie A. Weiss, Esq., together with a rule to file complaint. On September 7, 1973, an affidavit of service was filed and judgment of non pros entered against plaintiffs for failure to file complaint within 20 days.

A review of the pleadings supports plaintiffs' contention that the rule to file a complaint was never properly issued in accordance with the specific requirements of Pennsylvania Rule of Civil Procedure 1037, which states:

"Rule 1037. Judgment Upon Default or Admission, Assessment of Damages.

"(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint.

If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros."

In the instant case, defendants' counsel simply filed a form entitled "Entry of Appearance and Rule to File Complaint" which instructed the prothonotary to enter her appearance for defendants and "enter a Rule Upon the Plaintiffs to file a complaint within twenty days or suffer a judgment of non pros." However, nowhere on the form was there a place for the prothonotary or deputy prothonotary to sign and indicate that a rule had, in fact, been entered. Furthermore, counsel for plaintiffs received a copy of the above document in a letter from defendants' counsel, dated August 15, 1973, and the docket entries indicate that the alleged rule to file a complaint was not filed until August 17, 1973. It was, therefore not possible for the prothonotary to enter the rule upon plaintiffs, since an essential step would be the endorsement by the prothonotary or deputy prothonotary that a rule was, in fact, being entered. Also, the service required was defective because the rule had not been filed when plaintiffs' counsel received a copy of the same.

Accordingly, we enter the following

## ORDER

And now, to wit, January 24, 1974, it is ordered and decreed that the judgment of non pros filed in the above matter be and same is hereby stricken and plaintiffs are granted 20 days to file a complaint.

---

NOTE: Judges Orlowsky, McGovern and Toal did not participate.